# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JUDITH A. SUNDERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 04-357-S |
| | ) | |
| v. | ) | |
| | ) | |
| TRANS UNION, LLC | ) | |
| | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, JUDITH A. SUNDERLAND, by counsel, as and for her complaint against the Defendant, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. 1367.

3. The Plaintiff is a natural person and resident of the State of Rhode Island. She is a "consumer" as defined by 15 U.S.C. §1681a (c).

## PARTIES

4. Upon information and belief, Trans Union LLC ("Trans Union") is a corporation authorized to do business in the State of Rhode Island through its registered offices at CT Corporation System, 10 Weybossett Street, Providence, RI 02903.

5. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in

the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

7. In the summer of 2003, the Plaintiff obtained the services of a mortgage broker in an attempt to refinance her property to take advantage of lower market interest rates.

8. Sometime in August of 2003, the Plaintiff discovered that Trans Union was incorrectly reporting several debts that had been previously discharged in bankruptcy. These errors were adversely affecting the Plaintiff's ability to refinance her property.

9. On or about August 23, 2003 and on a least one other occasion thereafter, Plaintiff wrote to Trans Union and asked them to conduct a reasonable investigation and remove and delete those debts that had been previously discharged in bankruptcy. Plaintiff provided Trans Union documentation to assist the Defendant in their reinvestigation of the disputed obligations.

10. Upon the Plaintiff's requests for verification and correction, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify whether or not certain debts were discharged in bankruptcy and in fact contained to erroneously report certain obligations to the detriment of the Plaintiff.

11. In the Fall of 2003 while the reinvestigation process was supposedly in progress by Trans Union, the Plaintiff learned that Trans Union began to report her as "deceased" on one or more trade lines in her credit file.

12. Trans Union conveyed and disseminated the derogatory deceased status to third parties to the detriment of the Plaintiff.

13. Since her birth, and through the present, the Plaintiff has been alive and not deceased.

14. During the Fall of 2003, the Plaintiff received at least 3 consumer disclosures (files) from the Defendant which failed to include and provide all of the information that was readily available to the Defendant regarding the Plaintiff.

**FIRST CLAIM FOR RELIEF AGAINST TRANS UNION**

15. The Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set out herein.

16. Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning the Plaintiff.

17. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

18. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

19. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## SECOND CLAIM FOR RELIEF AGAINST TRANS UNION

20. Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21. Trans Union violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file and by relying upon information from a subscriber when it independently knew that the information they had reported was inaccurate. In the alternative, the Plaintiff alleges that Trans Union reinserted this inaccurate information into her credit files.

22. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

23. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

24. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n §1681o.

## THIRD CLAIM FOR RELIEF AGAINST TRANS UNION

20. Plaintiff realleges and incorporates paragraphs 1 through 24 above as if fully set out herein.

21. Trans Union routinely, as a matter of practice and procedure, violates § 1681g(a) by failing to clearly and accurately disclose to the consumer *all* information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

**WHEREFORE**, Your Plaintiff demands judgment for compensatory, statutory and punitive damages against Defendant for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Judith A. Sunderland
By her Attorney,

Christopher M. Lefebvre
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre